# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN J. THARP, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6794 | **DATE** | 10/29/2012 |
| **CASE TITLE** | Blake H. Conyers (#2012-0227094) vs. Denise Hamilton, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state an actionable federal claim. The case is terminated. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that a former girlfriend filed a false police report, and that the responding officers wrongfully arrested and maliciously prosecuted him for domestic battery.

The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.67 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action.
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that the suit is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

### FACTS

The plaintiff alleges that in June 2010, while on parole, he began dating defendant Hamilton. Hamilton often threatened that she would make a false report to the plaintiff's parole agent if he ever left her or cheated her, claiming that she had done just that with her ex-husband.

In September 2010, Hamilton's landlord evicted her on account of purported property damage and because of Hamilton's many calls to the police concerning domestic violence.

On September 25, 2010, after two days of partying, the plaintiff refused to allow Hamilton to drive her van because he thought that she was too drunk to drive safely. The plaintiff grabbed the keys from the ignition, told Hamilton that the relationship was over, then walked home. Hamilton yelled for the plaintiff to return her keys and vowed to have him arrested.

The next morning, the plaintiff made arrangements to return the keys at the home of Hamilton's relatives. When the plaintiff arrived at the house, he saw Hamilton's van parked in front of the house. Hamilton and two other individuals sat inside the van. Hamilton called the police, falsely reporting that the plaintiff was at her brother's house armed with a gun.

Chicago police officers responded to the 911 call. Officer "John Doe" approached the plaintiff and patted him down over his objections. The officer discovered no gun or "illegal contraband."

The officers asked the plaintiff, "What's the problem?" He responded that there was no problem, that he was just there visiting Hamilton's brother. The brother confirmed the plaintiff's account; however, Hamilton told the officers that the plaintiff had the keys to her van and that she wanted him to be arrested.

The officers told Hamilton that they should arrest **her** for having called in a false report of a man with a gun; they further informed her that the plaintiff was not going to jail unless he had committed some wrong against her.

In response, Hamilton produced an order of protection against the plaintiff that she had obtained the previous day, unbeknownst to the plaintiff. Hamilton advised the officers that the plaintiff was on parole and that he had pushed her to the floor of her van during an argument. She signed a complaint to that effect. The officers therefore arrested the plaintiff on the basis of Hamilton's false allegations of assault and battery.

The plaintiff was returned to prison pending disposition of the ensuing criminal prosecution for domestic battery. He was acquitted following a bench trial, but remained in prison until the parallel parole revocation proceedings terminated in his favor.

**(CONTINUED)**

| STATEMENT (continued) |
|---|

## ANALYSIS

The plaintiff has failed to articulate a tenable cause of action against any of the named defendants. First, the plaintiff cannot successfully sue Ms. Hamilton under 28 U.S.C. § 1983 for calling 911 even if her allegations about a gun and concerning domestic battery were false. Generally, in order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Merely providing false information to the police does not transform a private individual into a state actor. *Pepper v. Village of Oak Park*, 430 F.3d 805, 811 (7th Cir. 2005); *see also Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985).

Although the plaintiff used the legal buzzword "conspiracy," he has provided no facts whatsoever to support such a claim. In order to state a claim, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Kelley v. Myler*, 149 F.3d 641, 649 (7th Cir. 1998) (calling the police and describing the situation to officer does not support a charge that a conspiracy existed to arrest the plaintiff in violation of her civil rights). In the case at bar, the plaintiff alleges that Hamilton showed the police an order of protection and told them that the plaintiff had pushed her down. The fact that the plaintiff was arrested on that basis does not support an inference of an illegal conspiracy between Hamilton and the officers.

The complaint likewise fails to state a cognizable claim against the arresting officers. First, with regard to the patdown, "[w]hen an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, the officer may conduct a patdown search to determine whether the person is in fact carrying a weapon." *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993) (quoting *Terry v. Ohio*, 392 U.S. 1, 24 (1968)). "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence...." *Dickerson*, 508 U.S. at 373 (quoting *Adams v. Williams*, 407 U.S. 143, 145-46 (1972). The police responded to a 911 call reporting that the plaintiff, a parolee, was at his girlfriend's brother's house with a gun; domestic violence calls are notoriously dangerous and explosive. The police took the eminently reasonable precaution of ensuring that the plaintiff was not armed when they approached him to investigate the 911 report.

**(CONTINUED)**

**STATEMENT (continued)**

Furthermore, the police had probable cause to arrest the plaintiff, even if the domestic violence charge was not credible. If an officer has probable cause to arrest for **any** offense, the arrest does not violate the Fourth Amendment. *See, e.g., Devenpeck* v. *Alford*, 543 U.S. 146, 153 (2004); *Whren* v. *United States*, 517 U.S. 806, 812-13 (1996). "[S]o long as there is a reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest is flawed." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) (citing *Devenpeck*, 343 U.S. at 153-55). Here, the plaintiff admits that Hamilton had an order of protection barring the plaintiff from having contact with her; he also admits that he had taken her car keys. The police therefore had two independent, legitimate grounds for arresting him. A plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court."). The plaintiff in this case has done just that.

The plaintiff also seeks to hold the City of Chicago liable for its alleged "policy, practice and/or custom of taking people who are on parole or mandatory supervised release to jail based on false allegations made by private persons or citizens." (Complaint, p. 5.) However, "it is well established that there can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of [a plaintiff's] constitutional rights." *Houskins* v. *Sheahan*, 549 F.3d 480, 493-494 (7th Cir. 2008), *citing King* v. *East St. Louis School Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007); *see also Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) ("a municipality cannot be found liable if there is no finding that the individual officer is liable on the underlying substantive claim"), citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). Because the court concludes that the arresting officers did not violate the plaintiff's constitutional rights, the City of Chicago cannot be held liable.

For the foregoing reasons, the plaintiff's federal claims are dismissed for failure to state a claim upon which relief may be granted in federal court. In light of the dismissal of the plaintiff's federal claims, the court declines to exercise supplemental pendent jurisdiction over the plaintiff's state law claims of malicious prosecution and intentional infliction of emotional distress. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Pugel v. Bd. of Trustees of University of Illinois*, 378 F.3d 659, 669 (7th Cir. 2004); 28 U.S.C. § 1367(c)(3).

The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."